IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SIMUEL WILBURN, | ) |
| PLAINTIFF, | ) CASE: 1:23-cv-00628 |
| | ) |
| v. | ) |
| | ) JUDGE: John J. Tharp, Jr. |
| NORTH SHORE GAS COMPANY, | ) |
| PEOPLES GAS, DEREK LEGGITT, | ) |
| DAPHNE PILOTTE, | ) |
| DEFENDANTS. | ) **JURY DEMAND** |

## JOINT INITIAL STATUS REPORT

**NOW COME** the parties by their respective counsel and submit the following Initial Status Report pursuant to court's May 1, 2023 order (dkt. entry 19) stating as follows:

1. **The Nature of the Case:**
   A. Identify (names and contact information) for all attorneys of record for each party, including the lead trial attorney.

| **Plaintiff- Simuel Wilburn** | **Defendants- North Shore Gas Company, Derek Leggitt, Daphne Pilotte** |
|---|---|
| Pinkston Law Group, P.C. | Grant Law, LLC |
| Danielle A. Pinkston | Maurice Grant and Senija Grebovic |
| 54 North Ottawa Street, Suite #110 | 230 West Monroe Street, Suite 240 |
| Joliet, IL. 60432 | Chicago, IL 60606 |
| Office: (773) 770-4771 | (312) 551-0111 |
| dpinkston@pinkstonlawgroup.com | mgrant@grantlawllc.com |
| | sgrebovic@grantlawllc.com |

   B. **Briefly describe the nature of the claims asserted in the complaint and any Counterclaims and/or third party claims.**

   Plaintiff brings a ten-count complaint, alleging the following claims:

   Count I: Race Discrimination
   Count II: National Origin Discrimination
   Count III: Age Discrimination In Employment Act Of 1967
   Count IV: Violations Of The Americans With Disabilities Act
   Count V: Retaliation

1

    Count VI: Retaliation For Asserting Rights Under The ADA
    Count VII: Retaliatory Discharge Claim And Wrongful Discharge Claim Illinois Common Law
    Count VIII: Retaliation For Exercising FMLA Rights
    Count IX: Negligent Hiring, Supervision, Retention
    Count X: Tortious Interference With Economic Advantage
    Count XI: Intentional Infliction Of Emotional Distress

    There are no counterclaims.

**C. Briefly identify the major legal and factual issues in the case.**

Plaintiff brings this civil rights action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §1981, the American with Disabilities Act of 1990, as amended, retaliation for Plaintiff's exercise of rights under the Family and Medical Leave Act of 1993, as amended ("FMLA).

Plaintiff began working for North Shore Gas Company/Peoples Gas on June 6, 2016. On or around January 16, 2020, North Shore Gas Company/Peoples Gas, through its supervisors and managers allegedly began to engage in unlawful employment practices, by discriminating against Plaintiff due to his race, national origin, and age by failing to treat him the same as other white and younger supervisors, including disciplining him more harshly than his white counterparts for similar actions. Plaintiff claims he faced adverse employment action when his managers unreasonably put him on a performance plan, constantly surveilled and scrutinized to find fault in him, forced him to work in a hostile work environment, retaliated against him for speaking out against discrimination and trying to use FMLA leave. The plaintiff was terminated on February 10, 2021 in violation of state and federal laws.

**D. State the relief sought by any of the parties.**

Plaintiff seeks compensatory damages suffered to be determined at trial; all back pay, lost benefits, and any other make-whole remedy to which Plaintiff is deemed entitled; punitive or exemplary damages; a declaratory judgment that the Defendant violated the Title VII; an award enjoining the Defendant from further acts of discrimination and requiring the Defendant to submit a plan detailing how it will address these violations and end its discriminatory practices and implement such plan; an award of pre-judgment and post-judgment interest, pursuant to 42 U.S.C. § 2000e-5(k); and reasonable attorney's fees, costs, and litigation expenses.

Defendants assert that they are not liable to Plaintiff on any of his claims and that Plaintiff is not entitled to any damages.

2. **Jurisdiction: Explain why the Court has subject matter jurisdiction over the plaintiff(s)' claim(s).**

The Court has jurisdiction of this matter pursuant to Title VII claims of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(b) and 42 U.S.C. §1981, 42 U.S.C.§2000e-5(f)(3), the American with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 et seq., and retaliation for Plaintiff's exercise of rights under the Family and Medical Leave Act of 1993, as amended ("FMLA"), 29 U.S.C. § 2601, et seq.

A. **Identify all federal statutes on which federal question jurisdiction is based.**

   42 U.S.C. 2000e-5(b) and 42 U.S.C. §1981, 42 U.S.C.§2000e-5(f)(3), 42 U.S.C. §§ 12101 et seq, and 29 U.S.C. § 2601.

B. **If jurisdiction over any claims is based on diversity or supplemental jurisdiction:**
   1) **State whether/why the amount in controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy.**

   The amount in controversy exceeds the jurisdictional threshold.

2) **Identify the state of citizenship of each named party. For unincorporated associations, LLC's, partnerships and other business entities that are not corporations, the state(s) in which any individual members of the business unit are citizens must be identified.**

There is no diversity in this case and all parties are citizens of Illinois. There is pendent jurisdiction over state law claims pursuant to 28 U.S.C. §1367.

3. **Status of Service: Identify any defendants that have not been served.**

All defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge: Confirm that counsel have advised the parties that they may proceed before a Magistrate Judge if they consent unanimously and advise whether there is, or is not, unanimous consent. Do NOT report whether individual parties have so consented.**

The parties do not unanimously consent to proceed before a United States Magistrate Judge at this time.

5. **Motions:**
   A. **Briefly describe any pending motions.**

   On April 28, 2023 Defendant, North Shore Gas Company, filed a motion to dismiss (dkt. #14) and memorandum of law. (dkt. #15).

   On April 28, 2023 Defendants, Derek Leggitt and Daphne Pilotte filed a motion to dismiss (dkt. #16) and memorandum of law. (dkt. #17).

   The Plaintiff's deadline to respond is May 22, 2023. (dkt. #18). He will need to file a motion for extension of time until and through June 12, 2023, as his attorney is preparing for a trial that will begin on May 22, 2023 and should conclude on May 30, 2023.

   B. **State whether the defendant(s) anticipate responding to the complaint by filing an Answer or by means of motion.**

   On April 28, 2023 Defendant, North Shore Gas Company filed an Answer to Plaintiff's Complaint. (dkt. #13).

6. **Status of Settlement Discussions:**
   A. **Indicate whether any settlement discussions have occurred;**

4

No settlement discussions have occurred.

**B. Describe the status of any settlement discussions; and**

No settlement discussions have occurred.

**C. Whether the parties request a settlement conference.**

The parties do not request a settlement conference at this time

Dated: May 15, 2023

Respectfully submitted,

**Plaintiff Simuel Wilburn**

By: /s/ Danielle A. Pinkston
_____
Pinkston Law Group, P.C.
Danielle A. Pinkston
54 North Ottawa Street, Suite #110
Joliet, IL. 60432
Office: (773) 770-4771
dpinkston@pinkstonlawgroup.com

**Defendants North Shore Gas Company, Derek Leggitt, Daphne Pilotte**

By: /s/ Maurice Grant
By: /s/ Senija Grebovic
_____
Grant Law, LLC
Maurice Grant
Senija Grebovic
230 West Monroe Street, Suite 240
Chicago, IL 60606
Office: (312) 551-0111
mgrant@grantlawllc.com
sgrebovic@grantlawllc.com